UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENITH R. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01271-SEP |
| | ) |
| STANLEY PAYNE | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

Before the Court is Missouri state prisoner Kenith R. Wilson's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  Doc. [1].  For the reasons set forth below, the Petition is denied.

### FACTS AND PROCEDURAL BACKGROUND

Petitioner Kenith R. Wilson is an inmate at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri.  Doc. [1] at 1; Doc. [1-2] at 1.

On the morning of July 11, 2011, Tyler Eckert was leaving work at the River City Casino and took a shuttle to the employee's parking lot and sat in his car.  Doc. [12] at 6 (citing Doc. [12-1] at 137-38).  When Eckert tried to leave, a car pulled up behind him.  *Id.* (citing [12-1] at 139).  A man, later identified as Petitioner, came to the passenger side of Eckert's car, pointed a gun at him, and demanded that Eckert give him his money.  *Id.* (citing Doc. [12-1] at 140).  Eckert gave Petitioner two dollars, and when Eckert said he did not have any more cash to give him, Petitioner took his cell phone and wallet, containing a debit card and employment cards.  *Id.* (citing Doc. [12-1] at 141, 145, 155, 158-59).  Petitioner then told Eckert to leave and watched him exit the parking lot.  *Id.* (citing Doc. [12-1] at 142).

Upon leaving the scene, Eckert found Officer Frankie House at the River City Casino parking lot and gave him a description of the car and three digits of the license plate number.  *Id.* (citing Doc. [12-1] at 164).  At that time, Petitioner and his accomplice also left the scene, turning onto a dead-end street.  *Id.* (citing Doc. [12-1] at 142).  Two other officers, Andrew

---

[1] Respondent refers to Petitioner as Kenneth Wilson, Doc. [12] at 1, but the Court notes that the proper spelling of Petitioner's name is Kenith.  *See* Doc. [1-2].

1

Hammel and Ryan Brusca, spotted Petitioner's vehicle and attempted to stop it. *Id.* (citing Doc. [12-1] at 170, 179). The officers were unable to stop the vehicle, and Petitioner fled the scene. *Id.* (citing Doc. [12-1] at 170). The officers pursued the vehicle until it drove on the wrong side of Interstate 255. *Id.* at 6-7 (citing Doc. [12-1] at 165, 172, 179-80). During the pursuit, Petitioner and his accomplice threw several items out of the vehicle, including a gun. *Id.* at 7 (citing Doc. [12-1] at 171-72).

The vehicle eventually crashed at an embarkment near a cornfield at Interstate 255 Exit 3. *Id.* (citing Doc. [12-1] at 180). Petitioner exited the vehicle and ran into the cornfield. *Id.* (citing Doc. [12-1] at 181). Officer Brusca attempted to apprehend him, but he was unable to find him. *Id.* (citing Doc. [12-1] at 181). Several hours later, Officer Zachary Hopkins of the Columbia, Illinois, Police Department saw Petitioner walking on Interstate 255 and apprehended him. *Id.* (citing Doc. [12-1] at 212-13). Another officer at the Columbia Police Department, Officer Robert Morley, composed a photographic line-up containing six photographs, including one of Petitioner, ands showed it to Eckert. *Id.* (citing Doc. [12-1] at 216-17). Eckert identified Petitioner as the individual who robbed him. *Id.* (citing Doc. [12-1] at 144, 220).

On October 2, 2012, Petitioner was convicted of one count of first-degree robbery and one count of armed criminal action. Doc. [1] at 1. On November 9, 2012, the St. Louis County Circuit Court sentenced him to concurrent terms of 25 years imprisonment for the robbery and five years for the criminal action. *Id.*; Doc. [12] at 1. Petitioner appealed his conviction, arguing two points on direct appeal: (1) that the trial court abused its discretion in admitting the victim's pretrial and in-court identifications of him, and (2) that the trial court abused its discretion in overruling his motion for a mistrial based on Detective Kloos's testimony that the driver of the vehicle was Petitioner's brother. Doc. [12-6] at 3, 6. The Missouri Court of Appeals affirmed his conviction and sentence on direct appeal. *Id.* at 1. Petitioner then filed a Rule 29.15 motion seeking post-conviction relief on the basis that his trial counsel was ineffective for failing to request an instruction for second-degree robbery, a lesser-included offense. Doc. [12-16] at 3. The Missouri Court of Appels affirmed the circuit court's denial of Petitioner's motion. *Id.* at 1.

Plaintiff now seeks a writ of habeas corpus from this Court pursuant to 28 U.S.C. § 2254. Doc. [1]. Petitioner asserts six grounds for relief in his Petition. Ground I asserts that the trial court erred in admitting Eckert's pretrial and in-court identifications of him. Doc. [1-2] at 7-9. Ground II alleges that that the trial court abused its discretion in overruling his motion for

2

mistrial because Detective Benjamin Kloss testified that the driver of the car was Petitioner's brother. *Id.* at 10-12. Ground V alleges that the evidence at trial was insufficient to show that Petitioner committed first-degree robbery. *Id.* at 17-18.

Petitioner's remaining grounds for relief allege that his trial counsel and appeal counsel were ineffective in violation of the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, as well as Article I, sections 10 and 18(a) of the Missouri Constitution. Specifically, in Ground III, Petitioner asserts that his trial counsel was ineffective because counsel did not object to: (1) the victim's identification of him at trial or (2) the jury instruction definition of first-degree robbery. *Id.* at 13-15. In Ground IV, Petitioner claims that his direct appeal counsel was ineffective because the attorney "performed deficiently" by failing to present the same claim raised by trial counsel on direct appeal. *Id.* at 16. Finally, Ground VI again asserts that trial counsel was ineffective, this time by failing to submit a jury instruction on second-degree robbery. *Id.* at 19-24.

## LEGAL STANDARD

A federal judge may issue a writ of habeas corpus freeing a state prisoner if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The judge must not issue a writ, however, if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977).

"Federal habeas review . . . exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court shall not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

3

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and quotation marks omitted); *see also Rice v. Collins*, 546 U.S. 333, 338 (2006) (citing 28 U.S.C. § 2254(e)(1)) (noting that state court factual findings are presumed correct unless the habeas petitioner rebuts them through clear and convincing evidence).

Before seeking federal habeas relief under § 2254, a petitioner must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). To avoid procedural default, the petitioner must "fairly present" the claim to the state court before seeking federal habeas relief. *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996); *Deck v. Jennings*, 978 F.3d 578, 581 (8th Cir. 2020). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996) (citations omitted)). "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) (en banc).

A petitioner must present the claim to the state courts "in accordance with state procedural rules." *Arnold v. Dormire,* 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). A state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). When a petitioner has procedurally defaulted on a claim, habeas courts apply the more onerous "cause-and-prejudice" standard of review articulated in *Wainwright v. Sykes*, 443 U.S. 72, 87-88 (1997). Under that

4

standard, the Court may not consider the merits of a procedurally defaulted claim unless the petitioner shows either (1) cause and prejudice or (2) that a miscarriage of justice will occur if the Court fails to consider the grounds because the petitioner is actually innocent of the charge of which he was convicted. *Sykes*, 433 U.S. at 90-91; *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992); *Thomas v. Payne*, 960 F.3d 465, 471 (8th Cir. 2020).

### DISCUSSION

I. **Ground I, which alleges that the trial court erred in admitting out-of-court and in-court identifications of Petitioner, is denied.**

In Ground 1, Petitioner claims that the trial court erred in admitting out-of-court and in-court identifications of him because they were unduly suggestive and unreliable. Specifically, Petitioner alleges that he was the only individual in the line up with obvious facial hair, "resulting in a substantial likelihood of an unreliable identification." Doc. [1-2] at 3. Petitioner raised this claim on direct appeal, but the Missouri Court of Appeals reviewed the claim for plain error only "[b]ecause [Petitioner] failed to preserve his assertion" for its review.[2] Doc. [12-6] at 4. On plain error review, the Court of Appeals denied Petitioner's claim, finding:

> The record does not suggest any police action that made the photo lineup suggestive. Defendant's complaint, standing alone, that he was the only one in the lineup with an obvious goatee does not render the lineup impermissibly suggestive. Because defendant has not established that the lineup was impermissibly suggestive, we need not review the reliability of the identification. Absent a showing of impermissible suggestiveness, identification testimony is admissible, and any factors relating to reliability go to the weight of the testimony and not to the admissibility of the identifications.

Doc. [12-6] at 5 (internal citations and quotation marks omitted).

Petitioner procedurally defaulted on his claim that the identification evidence was unduly suggestive and unreliable, and the Court of Appeals' discretionary plain error review of Petitioner's unpreserved claim does not cure the procedural default. *Clark v. Bertsch*, 780 F.3d 873, 876 (8th Cir. 2015). Accordingly, the Court may not consider the merits of this claim unless Petitioner has demonstrated either cause and prejudice, or that an injustice will result if

---

[2] Petitioner filed a pretrial motion to suppress the identification evidence, objected to the identification testimony at trial, and included the "general issue" in his motion for a new trial. Doc. [12-6] at 3. But Petitioner did not specify why the pretrial identification procedures were impermissibly suggestive or why the identification was unreliable. *Id.* at 3-4. Therefore, the Court of Appeals determined that the claim was not properly preserved for appeal. *Id.* at 4 (citing *State v. Floyd*, 347 S.W.3d 115, 125 (Mo. Ct. App. 2011)).

5

the Court does not consider the merits because Petitioner is innocent of the charge for which he was convicted. *Sykes*, 433 U.S. at 90-91; *Sawyer*, 505 U.S. at 338; *Thomas*, 960 F.3d at 471. Petitioner offers no justification for failing to state with specificity why the procedures were impermissibly suggestive or unreliable, nor has he made any showing that he is actually innocent of the charges for which he has been convicted. Accordingly, Petitioner cannot satisfy either prong of the *Sykes* test. Therefore, Petitioner's Ground I is denied.

## II. Ground II, which asserts that the trial court erred in overruling Petitioner's motion for mistrial, is denied.

In Ground II, Petitioner asserts that the trial court abused its discretion in denying his motion for a mistrial when Detective Kloos testified that the driver of the vehicle involved in the incident, Maurice Wilson, was Petitioner's brother. Doc. [1-2] at 10. Specifically, Petitioner argues that the testimony regarding the familial relationship between Petitioner and his brother "bolstered the impression" that Petitioner was involved in the robbery. *Id.* at 12. In addition to objecting to the testimony at trial and requesting a mistrial, Petitioner also raised this claim on direct appeal. Doc. [12] at 22; Doc. [12-6] at 6.

On review of Petitioner's appeal, the Missouri Court of Appeals found that the trial court did not abuse its discretion in denying Petitioner's motion for a mistrial. Doc. [12-6]. In so deciding, the court stated:

> A mistrial is a drastic remedy, to be employed only in those extraordinary circumstances where no other curative action can remove the alleged prejudice. The decision to grant or deny a request for mistrial is left to the discretion of the trial court, as it is in the best position to determine whether the incident had a prejudicial effect on the jury. This Court reviews the trial court's decision for abuse of discretion. *Id*. A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before it and when the ruling is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id*. We discern no abuse of discretion here. The trial court admonished the jury to disregard the detective's testimony that the driver was defendant's brother. Although defendant believes the admonishment inadequate, we presume that the jury followed the court's instruction, and the defendant has not proven otherwise. The evidence showed that defendant was acting with the driver of the car – brother or not. And the victim identified the defendant as the man who robbed him. We deny this point.

*Id.* at 6-7 (internal citations and quotation marks omitted).

Reviewing its findings with deference, *Lomholt*, 327 F.3d at 751, the Court finds that the Missouri Court of Appeals properly analyzed Petitioner's assertion that the trial court abused its

6

discretion in denying his motion for a mistrial. The Court of Appeals' decision was not contrary to clearly established federal law, nor is it based on any unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d). Therefore, Petitioner's Ground II is denied.

### III.   Grounds III, IV, and VI, which claim ineffective assistance of counsel, are denied.

Petitioner's Grounds III, IV, and VI allege that both his trial counsel and his appellate counsel were ineffective. In Ground III, Petitioner contends that his trial counsel was ineffective for two reasons: (1) for failing to object to the definition of first-degree robbery, and (2) for failing to object to Eckert's testimony at trial identifying Petitioner as the perpetrator of the robbery. Doc. [1-2] at 13-15. In Ground IV, Petitioner argues that his direct appeal attorney also performed deficiently by submitting a point on appeal "that was different than the one raised by trial counsel." *Id.* at 16.

Petitioner's Grounds III and IV are procedurally defaulted. Under Missouri law, claims of ineffective assistance of counsel must be raised in a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *See* Mo. Sup. Ct. R. 29.15(a). Petitioner did raise the claims contained in Grounds III and IV in his *pro se* motion pursuant to Rule 29.15, Doc. [12-7] at 16-21. Petitioner was appointed counsel thereafter, however, and an amended motion was filed arguing only that Petitioner's trial counsel was ineffective by failing to instruct the jury on the lesser included offense of second-degree robbery (which is the basis for Petitioner's Ground VI). *Id.* at 35-51. The Circuit Court reviewed only the amended motion and denied it. *Id.* at 53-57. The Court of Appeals affirmed the circuit court's denial. Doc. [12-16] at 4 ("In his sole point appeal, Movant contends that the motion court erred because Counsel was ineffective for failing to request an instruction for second-degree robbery as a lesser-included offense. We disagree.").

Accordingly, Petitioner did not "fairly present" the issues included in Grounds III and IV to the state court. As discussed above, claims not fairly presented to the state court do not generally give rise to habeas relief. *Wemark*, 322 F.3d at 1021. And Petitioner has not overcome the procedural default by demonstrating either prong of the *Sykes* test. Petitioner has

7

not argued that he satisfies the cause-and-prejudice element,[3] nor that this Court's failure to consider these grounds would be a "miscarriage of justice" because he is actually innocent of the charge for which he was convicted. *Sykes*, 433 U.S. at 90-91; *Sawyer*, 505 U.S. at 338; *Thomas*, 960 F.3d at 471. Accordingly, Petitioner's Grounds III and IV are denied.

With respect to Ground VI, however, Petitioner did exhaust his state court remedies and thus, the Court may properly review that claim. *See* Docs. [12-7] at 35-51; [12-16] at 4. In Ground VI, Petitioner alleges that his trial counsel was ineffective for not submitting a jury instruction on second-degree robbery. *Id.* Specifically, Petitioner notes that the difference between first and second-degree robbery is whether the defendant used a deadly weapon during the robbery. Doc. [1-2] at 20. Petitioner asserts that the only evidence presented that a gun was used in connection with the robbery was the testimony of the victim. *Id.* at 19. And although a police officer testified at trial that he saw a gun thrown from the window of the car during the chase, no gun was ever recovered. *Id.* On those facts, Petitioner claims that it was possible that a jury could have found that he was guilty only of second-degree robbery; thus, he argues, a reasonably competent attorney would have submitted such an instruction. He further argues that, if his counsel had submitted the jury instruction to the trial court, the court would have been obligated to submit the instruction to the jury and that the attorney's failure to do so cannot be considered reasonable trial strategy. *Id.* at 20-24.

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, Petitioner must show that: (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Id.* at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014); *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). To establish deficient performance, Petitioner must demonstrate that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [Petitioner] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of

---

[3] Respondent's brief discusses *Martinez v. Ryan*, 556 U.S. 1 (2012), in anticipation that Petitioner may argue cause and prejudice by demonstrating that his failure to properly raise certain claims in state court proceedings was the result of his ineffective counsel. Doc. [12] at 13. Petitioner has not done so, however; therefore discussion of *Martinez* is unnecessary.

reasonable professional assistance" and "might be considered sound trial strategy." *Id.* at 689 (citation and internal quotation marks omitted). To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that, "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). It is not sufficient for Petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance[.]" *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" *Williams*, 695 F.3d at 831 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). "If the state court reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions, then federal review under AEDPA is at an end." *Id*. at 832 (internal quotation marks omitted).

The motion court found that Petitioner failed to prove that his attorney's performance was deficient. Doc. [12-7] at 56. The court credited the attorney's testimony that he relied on a "reasonable doubt defense," meaning that his goal was to obtain a not guilty verdict—not a second-degree robbery conviction. *Id.* The court also determined that Petitioner failed to show prejudice, finding that it was reasonable for the jury to have found the testimony at trial credible regarding the existence of the gun. *Id.* The Missouri Court of Appeals affirmed the motion court's determination:

> Even where the evidence supports the submission of a lesser-included offense instruction, Movant must still overcome the *presumption* that counsel's decision not to request the instruction was reasonable trial strategy. An objectively reasonable choice by counsel not to submit an instruction does not constitute ineffective assistance of counsel.
>
> Here, Movant does not overcome the presumption that Counsel's decision not to request the instruction was not reasonable trial strategy
>
> . . .

9

> Counsel's testimony evinces a so-called "all or nothing" defense strategy, drawing on his 40 years of experience in criminal law. The decision to pursue an "all or nothing" defense is reasonable trial strategy, and counsel need not request an instruction that undermines or is inconsistent with the defense theory. Therefore, when the "all or nothing" defense theory of innocence is presented at trial, a decision by counsel not to request a lesser-included offense instruction is a reasonable strategy. Here, Counsel testified that he believed the "poor" identification was more important than doubt as to the presence of a weapon, which supports a reasoned strategy to pursue an all-or-nothing defense rather than giving the jury an opportunity to "compromise" and convict on a lesser-included crime. Even if, as Movant contends, it would have been reasonable trial strategy to submit an instruction for second-degree robbery, the choice of one reasonable trial strategy over another is not ineffective assistance. Accordingly, Movant has failed to show that Counsel's decision not to request the lesser-included offense instruction was anything other than reasonable trial strategy. Because Movant has not shown that Counsel's performance fell below an objective standard of reasonableness, we need not address the prejudice prong.

Doc. [12-16] at 5-7 (internal citations, quotation marks, and alterations omitted).

The Court finds that the Missouri courts' resolution of Petitioner's ineffective assistance claim summarized in Ground VI reflects a reasonable application of federal law and is entitled to deference. *See White*, 577 U.S. at 78. This Court must indulge a "strong presumption" that defense counsel's conduct fell within the range of reasonable representation. *Strickland*, 466 U.S. at 689. After reviewing the relevant portions of the record with that standard in mind, the Court finds that it contains ample support for the conclusion of the Missouri Court of Appeals that the attorney's representation of Petitioner at trial was reasonable. The record does not indicate that the Missouri Court of Appeals misapplied the performance prong of *Strickland*; nor was its decision an "unreasonable determination of the facts in light of the evidence presented in state court." *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010); 28 U.S.C. § 2254(d). Accordingly, Petitioner's Ground VI is denied.

**IV.  Petitioner's Ground V, which claims insufficient evidence, is denied.**

In Ground V, Petitioner alleges that the evidence presented at his trial was insufficient to convict him of First-Degree Robbery because, although the officers testified that a gun was used in connection with robbery, "no gun was found or recovered." Doc. [1-2] at 17.

The Court need not evaluate the merits of Petitioner's insufficiency of evidence claim because it is procedurally defaulted. *See Frederick v. State*, 818 S.W.3d 677, 679-80 (Mo. Ct. App. 1991) (a sufficiency of the evidence claim must be raised on direct appeal). As noted

10

above, Petitioner raised only two issues on direct appeal: that the trial court abused its discretion by allowing the out-of-court and in-court identifications, Doc. [12-4] at 13, and that the trial court abused its discretion in denying his motion for a mistrial when Detective Kloss stated that the driver of the car was Petitioner's brother, *id.* at 14. Again, to avoid procedural default, the petitioner must "fairly present" the claim to the state court before seeking federal habeas relief. *Morris*, 83 F.3d at 270; *Deck*, 978 F.3d at 581.

Petitioner did not do so with respect to his claim presented in Ground V. Therefore, the Court must apply the "cause-and-prejudice" standard of review to Petitioner's claim. The Court finds no justification in Petitioner's briefing for his failure to raise the insufficiency of evidence claim on appeal. Nor has he demonstrated that this Court's failure to adjudicate this issue would constitute a "miscarriage of justice" due to his innocence. *Sykes*, 433 U.S. at 90-91; *Sawyer*, 505 U.S. at 338; *Thomas*, 960 F.3d at 471. Therefore, Petitioner cannot overcome his procedural default and Ground V must be denied.

## CONCLUSION

For the foregoing reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, reasonable jurists could not differ on Petitioner's claim; therefore, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED.**

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

Dated this 31st day of March, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

11